**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ALBERT SILVA HERNANDEZ, Jr.,<br><br>Defendant-Appellant. | No. 19-10147<br><br>D.C. No.<br>2:12-cr-00254-JCM-PAL-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 18, 2019[**]

Before:     CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Albert Silva Hernandez, Jr., appeals from the district court's judgment and

challenges the 262-month custodial sentence and lifetime term of supervised

release imposed upon remand for resentencing following his jury-trial conviction

for eight counts of sexual exploitation of a child, in violation of 18 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 2251(a) & (e).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez contends that the district court erred by denying his request for an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1.  Contrary to Hernandez's contention, the district court did not conclude that Hernandez was precluded from receiving the adjustment because he went to trial.  Rather, the record reflects that the district court denied the adjustment based on its assessment that Hernandez's pre-trial conduct undermined his post-trial expressions of remorse.  This was not an abuse of discretion.  *See* U.S.S.G. § 3E1.1 cmt. n.2; *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (application of the Guidelines to the facts is reviewed for abuse of discretion).  Moreover, Hernandez has not demonstrated any factual misunderstanding by the district court regarding events that occurred prior to trial affected its decision to deny the adjustment or the sentence imposed.  *See United States v. Christensen*, 732 F.3d 1094, 1101-03 (9th Cir. 2013).

Hernandez next contends that the district court erred by failing to respond to his arguments or explain its reasons for imposing a lifetime term of supervised release.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.  The record reflects that the district court considered Hernandez's arguments and its reasons for imposing a within-Guidelines custodial sentence and lifetime term of supervision

19-10147

are apparent from the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation may be inferred from the record as a whole).

Finally, Hernandez contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and totality of the circumstances, including the seriousness of the offense. *See Gall,* 552 U.S. at 51; *see also United States v. Williams*, 636 F.3d 1229, 1232-34 (9th Cir. 2011) (lifetime term of supervised release may be imposed on an offender who commits sexual crimes against children).

**AFFIRMED.**